■ HENRY L. DIAMOND, as Commissioner of Environmental Conservation of the State of New York, Appellant, v. LEONARD B. LIBERMAN, Respondent. —Appeal from an order of the Supreme Court at Special Term, entered January 2, 1973 in Tompkins County, which denied plaintiff's motion, pursuant to CPLR 3211 (subd. [b]), for an order dismissing a defense, and denied motions by both plaintiff and defendant, pursuant to CPLR 3212, for summary judgment. Plaintiff commenced this action pursuant to section 429-b of the Conservation Law (now Environmental Conservation Law, § 15-0505) to enjoin defendant from further placing fill in the navigable waters of Cayuga Lake adjacent to his property without first obtaining a permit to do so; for an injunction requiring defendant to remove all fill illegally placed by him in such waters; and for civil penalties pursuant to section 630 of the Conservation Law (now Environmental Conservation Law, § 71-1127). Defendant's answer consisted of general denials, seven affirmative defenses and a counterclaim. Plaintiff moved to dismiss the affirmative defenses and counterclaim. By order of the Supreme Court at Special Term, entered on October 7, 1968 in Tompkins County, the second and sixth defenses and the counterclaim alleged in the answer were dismissed. Defendant then moved to amend his answer to plead an additional affirmative defense of discriminatory enforcement of section 429-b of the Conservation Law. By order of the Supreme Court at Special Term, entered on November 4, 1968 in Tompkins County, defendant's motion to amend was granted. On appeal, this court modified the order of Special Term, entered on October 7, 1968, so as to dismiss the first, third, fourth, fifth, and seventh defenses, and, as so modified, affirmed that order and, in addition, affirmed the order of Special Term, entered on November 4, 1968. (*New York State Water Resources Comm.* v. *Liberman,* 37 A D 2d 484.) (Pursuant to the provisions of the Environmental Conservation Law, the Commissioner of Environmental Conservation has since been substituted as the party plaintiff.) The merits of the defense of discriminatory enforcement were specifically considered by this court on that appeal, and, also, in a companion action against the defendant for trespassing on State lands. (*People* v. *Liberman,* 37 A D 2d 923.) This is the third time the validity of the defense of discriminatory enforcement has been before this court, and we are bound to affirm on the basis of our former determinations. On or about May 25, 1972, plaintiff moved for an order dismissing the defense of discriminatory enforcement on the ground that such defense has no merit, and for summary judgment upon the ground that defendant has no meritorious defense to the action. The defendant cross-moved for summary judgment on the ground that flooding had washed away the portions of land in question rendering the litigation moot. By order entered January 2, 1973, Special Term denied these motions upon the ground that triable issues of fact exist. On this appeal, plaintiff contends that, since Special Term

expressly found that plaintiff had established a pattern of nondiscriminatory enforcement of section 429-b of the Conservation Law since January 1, 1966, it should have dismissed the affirmative defense of discriminatory enforcement and not direct a hearing as to the discriminatory enforcement of section 31 of the Navigation Law. Plaintiff, however, is attempting by the complaint to enforce the removal of fill placed upon the property pursuant to section 429-b of the Conservation Law, which became effective on January 1, 1966, and cause the shoreline to be returned to the condition it was during the year 1960. There is no question that some of the fill was placed upon the property prior to January 1, 1966, at a time when section 31 of the Navigation Law was in effect. By implication plaintiff is attempting to obtain the benefits of section 31 of the Navigation Law, and, at the same time, seeking to deprive the defendant of a defense based upon section 31. This is not equity, and Special Term, therefore, properly directed the hearing. Contrary to plaintiff's contention, the affidavits and other evidentiary matter submitted do not resolve all issues of fact thus warranting summary judgment. The exact location of the shoreline in 1960 has not been established despite plaintiff's contention that the map submitted by defendant in 1961 to the Board of Land Commissioners for a grant of land under the waters of the lake establishes the line. Defendant is entitled to establish his contention that the line was never established; that the map was made for the limited purpose of obtaining a land grant; and that the 1960 shoreline shown thereon was purely an arbitrary line established for that purpose. Similarly, the dates when fill was placed upon the land, and whether such fill was placed in the lake or upon previous fill are issues to be determined in view of the affirmative defense of discriminatory enforcement. The order of Special Term should, therefore, be affirmed. Order affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.